UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID S. FRAMPTON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-378-FHM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, David S. Frampton, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's June 17, 2003 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held October 12, 2004. By decision dated October 29, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on May 4, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born April 6, 1956, and was 48 years old at the time of the hearing. [R. 42, 375]. He claims to have been unable to work since June 24, 1999, due to back and neck pain and depression. [R. 76]. The ALJ concluded that "there are medical findings of: problems with neck, back, depression, anxiety, reflux, allergies, shoulders, hands, fingers, ankles, skin, knee, hypertension, hip, headaches, vision, and feet which could place substantial limitation, unless otherwise noted in the opinion, upon claimant's basic work activities." [R. 16].[2] The ALJ found that Plaintiff retains a residual functional capacity (RFC) for a wide range of light exertional work activity. [R.19]. Based upon the testimony of a vocational expert (VE) the ALJ determined that Plaintiff is unable to perform his past work but that there are a significant number of jobs in the economy that Plaintiff can perform with his RFC. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. The case was thus decided at step five

---

[2] It is unclear whether the ALJ ultimately found all these "problems" were severe impairments. The RFC assessed by the ALJ appears to encompass some limitations in work activities associated with use of the hands, fingers, knees, vision and allergies. However, no findings regarding functional limitations caused by the "problems" are included in the ALJ's decision. Upon remand, the ALJ is encouraged to set forth specific findings regarding the impairments he determines are severe at step two as well as those he concludes do not significantly impact Plaintiff's ability to perform work activities.

of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ committed reversible error in the following respects: 1) that he failed to properly analyze the opinion of Plaintiff's treating physician; 2) that he failed to discuss a GAF score assessed by a consultative medical expert; 3) that he failed to properly analyze Plaintiff's mental impairments; and 4) that his credibility determination was contrary to law and not supported by substantial evidence. For the following reasons, the Court finds this case must be reversed and remanded to the Commissioner for reconsideration.

### Evaluation of Mental Impairments

The agency regulations lay out the process for evaluation of mental impairments. See 20 C.F.R. §§ 404.1520a; 416.920a. There is a specific two-step procedure that the Commissioner must follow when determining whether a claimant has a severe mental impairment. The Commissioner "must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). Then the Commissioner evaluates the impact that the mental impairment has on the claimant's ability to function under 20 C.F.R. § 404.1520a(b)(2), *et seq*. The agency is required "to consider ⋯ all relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." *Id.*§§ 404.1520a(c)(1); 416.920a(c)(1). The claimant's impairment is then rated by its effect on four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id.* §§

3

404.1520a(c)(3); 416.920a(c)(3).  The ALJ is required to document his evaluation of these functional factors in the body of his decision, *Id.* §§ 404.1520a(e); 416.920a(e), making specific findings as to the evidence relied upon and the degree of limitation in each of these areas. *Id.*

In evaluating a claim of disability based on mental impairment, the Commissioner is required to utilize a standard technique at the administrative hearing level in order to assist the Commissioner in (1) identifying the need for additional evidence, (2) considering and evaluating the functional consequences of the mental disorder on the claimant's ability to work and (3) organizing and presenting the facts.  *See* 20 C.F.R. § 404.1520a(a). Although attachment of the Psychiatric Review Technique (PRT) form is no longer required, to ensure that the ALJ properly follows these procedures, the ALJ must incorporate "pertinent findings and conclusions based on the technique" in his written decision and "include a specific finding as to the degree of limitation in each of [four] functional areas." 20 C.F.R. § 404.1520a(e)(2).

In this case, the ALJ listed depression and anxiety among the "problems" for which there are medical findings in the record and stated that he had compared Plaintiff's signs, symptoms and laboratory findings with the criteria in Listings 12.04, pertaining to affective disorders and 12.06, pertaining to anxiety related disorders. [R. 16].  However, the ALJ did not comply with the procedures required for the evaluation of mental impairments under 20 C.F.R. § 404.1520a or in the B criteria of 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04 or Listing 12.06.  He did not incorporate "pertinent findings and conclusions" suggesting that he had properly followed the required procedures.  Failure to do so requires reversal." *See Cruse v. United States Dep't of*

4

*Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir.1995) (record must contain substantial competent evidence to support conclusions reached on PRT and ALJ must discuss in his opinion the evidence he considered in reaching the conclusions expressed *Id.* at 617-18).  Because the ALJ did not demonstrate that he properly evaluated the severity of Plaintiff's mental impairments, the Court cannot determine whether substantial evidence in the record supports the ALJ's findings.

The ALJ's noncompliance with § 1520a was not harmless because it resulted in his failure to consider adequately Plaintiff's mental impairment at the latter steps of the evaluation, such as in determining whether at step 3 Plaintiff met or equaled one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 and in assessing Plaintiff's residual functional capacity. *See* 20 C.F.R. § 404.1520 (listing five-step evaluation process).

Compounding this problem is the language employed in the ALJ's single paragraph devoted to discussion of Plaintiff's alleged mental impairments which suggests he determined that the record did not establish a significant mental impairment. [R. 19].  The ALJ also reported that Plaintiff had not been referred to a mental health specialist and had not sought out such treatment on his own. [R. 19]. Review of the medical records from the Veterans Administration (VA) treatment center indicate otherwise.  Mental health treatment notes from the VA reveal that Plaintiff underwent psychological testing and counseling and was treated by Richard A. Luc, M.D., for anxiety and depressive symptoms in April and May 2003. [R. 272, 277-283]. The ALJ cited VA records in his summarization of the medical evidence regarding

Plaintiff's physical complaints but did not mention the mental health treatment reports included in those records. [R. 18].

Upon remand, the Commissioner must reconsider the medical evidence regarding Plaintiff's alleged mental impairments, evaluate the degree of limitation in each of four functional areas as required in 20 C.F.R. § 404.1520a(e)(2) and set forth his specific findings and conclusions in his written decision.

### Conclusion

The ALJ did not follow the correct legal standards in evaluating the severity of Plaintiff's mental impairments.  Because the Court concludes that this failure is reversible error, the remaining allegations of error asserted by Plaintiff are not addressed.  Upon remand, however, the ALJ is encouraged to reconsider all the medical evidence, including the opinion of Plaintiff's treating physician, and set forth his findings regarding the weight he accords that opinion. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.2004) (discussing procedure for evaluating treating physician's opinion). Accordingly, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED for reconsideration.

SO ORDERED this 20th day of September, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE