**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

DAVID S. FRAMPTION,

                Plaintiff,

vs.

Case No. 05-CV-378-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

**CORRECTED[1]
OPINION AND ORDER**

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 31] is before the Court.  Counsel seeks approval of an attorney fee award of $11,400.00 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel.  Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to an additional fee award. [Dkt. 37] Counsel has filed a Supplemental Memorandum in support of the fee request [Dkt. 34]. The matter is ripe for decision.  The Motion for Attorney Fees [Dkt. 31] is GRANTED as provided herein.

Plaintiff appealed the Administrative denial of her application for Social Security benefits to this Court.  The Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. [Dkt. 25, 26].  The Court granted Plaintiff's application for an award of $ 5091.40 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed

---

[1] This Opinion and Order corrects and replaces the Opinion and Order entered on June 20, 2008. [Dkt. 38].  The June 20, 2008 Opinion and Order contained an incorrect award amount.

before the Court. [Dkt. 30].   The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff.

On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits.  The letter from the Social Security Administration that was provided with the motion for fees reflects that 25% of past due benefits, $11,700.13, was withheld to pay the attorney's fee. [Dkt. 34-2].[2]

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand.  *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006).  42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant.  The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits."  Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).  Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the

---

[2] Although the Notice does not provide a figure for the amount of past due benefits, based on the 25% amount withheld, the Court calculates the past due benefits to be $46,800.52.

representation and the results the representation achieved.  A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court.  In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted.  *Id.* 535 U.S. at 808, 122 S.Ct. at 1828.  Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee.  *Id.* at n.17.  The Court finds no basis for reducing the fee request.

Plaintiff and counsel entered into a contract [Dkt. 28-3], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits. The contract also obligates the attorney to apply for fees under EAJA and to credit any EAJA fee against the 25% contingency fee.  *Id.*

The undersigned concludes that a fee award of $ 11,400.00 which is less than 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable.  That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b).  Moreover, the fee yields an hourly rate of approximately $ 393  per hour for around 29 hours, which although high does not amount to a windfall.  Furthermore, when the amount of the EAJA fee award, $5091.40, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment by Plaintiff of $6,308.60, an amount that is less than fourteen percent of Plaintiff's past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 31] is GRANTED as follows:

Counsel is awarded $ 11,400.00 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund to Plaintiff the amount of EAJA fees received up to $5091.40.

SO ORDERED this 26th day of August, 2008.


*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE